Qiang Lu, *Pro se*
3 Dory Lane
Foster City, CA 94404
Telephone: (650) 303-5807
Email: luqiang@cal.berkeley.edu

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QIANG LU, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; <br> EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; <br> ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation; <br> ALBERTO GONZALES, Attorney General of the United States; <br> CHRISTINA POULOS, Director, California Service Center, U.S. Citizenship and Immigration Services; <br> GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, <br><br> Defendants. | Case No.: C07-4221-JCS <br><br> **COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> "Immigration Case" |

Plaintiff, Qiang LU, *pro se*, sues Defendants and states as follows:

1. This action is brought against the Defendants to compel action on the Application to Register Permanent Residence or Adjust Status (Form I-485), properly filed by the Plaintiff and his wife, the derivative beneficiary. The applications remain within the jurisdiction of the Defendants, who have

improperly withheld action on said applications to Plaintiff's detriment.

**PARTIES**

2.    Plaintiff Qiang LU, (Alien Number: A097875014, Year of Birth: 1972) is a native and citizen of the People's Republic of China. He filed the Application to Register Permanent Residence or Adjust Status (hereinafter "I-485") with his wife Yannan LIU as the derivative beneficiary on August 27, 2004, and is seeking to become a lawful permanent resident of the United States based on an approved Immigrant Petition for Alien Worker (Form I-140, hereinafter "I-140").

3.    Defendant Michael Chertoff, Secretary of the Department of Homeland Security (hereinafter "DHS"), is being sued in his official capacity. He is generally charged with the administration and enforcement of most of the provisions of the Immigration and Nationality Act (hereinafter "INA"), including all adjudications properly performed by the United States Citizenship and Immigration Services (hereinafter "USCIS"), and is further authorized to delegate such power and authority to subordinate employees of the DHS (8 U.S.C. §1103 (a); 8 C.F.R. §2.1).

4.    Defendant Emilio T. Gonzalez, Director of the USCIS, is being sued in his official capacity. USCIS is an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendant Director is generally charged with the overall administration of benefits and immigration services (8 C.F.R. §100.2(a)).

5.    Defendant Robert S. Mueller, III, Director of the Federal Bureau of Investigation (hereinafter "FBI"), is being sued in his official capacity. FBI is the law enforcement agency that conducts security clearances for other U.S. government agencies, including the USCIS.

6.    Defendant Alberto Gonzales, Attorney General of the United States, is being sued in his official capacity. Defendant is the ultimate authority at the United States Department of Justice, of which the FBI is the investigative arm.

7.    Defendant Christina Poulos, Director of the USCIS California Service Center, is being sued in her official capacity. Defendant Director is generally charged with supervisory authority over operations of the USCIS California Service Center, which adjudicates the immigration petitions from applicants residing within the district including California.

8.    Defendant Gerard Heinauer, Director of the USCIS Nebraska Service Center, is being sued in his

official capacity. Defendant Director is generally charged with supervisory authority over operations of the USCIS Nebraska Service Center, where the I-485 applications at issue are currently pending.

## JURISDICTION

9. This Court has subject matter jurisdiction in this case under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. §2201 *et seq*. Relief is requested pursuant to said statues.

10. This action challenges Defendants' failure to adjudicate within reasonable time the I-485 applications of Plaintiff and the derivative beneficiary. It does not challenge what decisions should be made on the applications.

## VENUE

11. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff resides, and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

12. Pursuant to Civil L.R. 3-2(c)(d), this complaint may be assigned to the San Francisco Division of this Court, as the Plaintiff resides in San Mateo County.

## EXHAUSTION OF REMEDIES

13. Plaintiff has exhausted all administrative remedies.

## CAUSE OF ACTION

14. On September 22, 2003, Plaintiff Qiang LU filed an I-140 petition under the category of Alien of Extraordinary Ability (EB-1(a)) , which was approved on September 27, 2004. (**Exhibit 1: Copy of I-140 Approval Notice**)

15. Plaintiff Qiang LU (principal applicant) with the derivative beneficiary his wife Yannan LIU (Alien Number, A097875015, Year of Birth: 1972) filed the I-485 applications to the USCIS California Service Center on August 27, 2004. (**Exhibit 2: Copies of I-485 Receipt Notice**)

16. The I-485 applications of Plaintiff and the derivative beneficiary have since been pending. Starting from January 2005, Plaintiff made a number of inquiries to the USCIS regarding the case status either personally or through designated attorneys. The response dated May 09, 2005 indicated that the principal application was pending FBI name check. Plaintiff also tried contacting the FBI in writing, but

did not receive any response. The response received from the USCIS on September 15, 2006 (through Plaintiff's attorney) indicated that both applications were pending FBI name check. (**Exhibit 3: Copies of USCIS' responses while the cases were at the California Service Center**)

17. After filing the I-485 applications, Plaintiff and his wife each has gone through the fingerprint process three times, on October 12, 2004, November 09, 2005 and March 07, 2007, respectively. (**Exhibit 4: Copies of USCIS' Fingerprint Appointment Notice**)

18. On March 06, 2007, Plaintiff and his wife were notified by the USCIS California Service Center that their cases had been transferred to the USCIS Nebraska Service Center, to "speed up processing". (**Exhibit 5: Copies of USCIS Case Transfer Notice**). According to the processing dates posted by the USCIS, as of February 20, 2007, the USCIS California Service Center was processing I-485 applications filed on August 21, 2006, while the Nebraska Service Center was processing I-485 applications filed on June 26, 2006. (**Exhibit 6: Copies of USCIS Processing Dates of the California Service Center and the Nebraska Service Center, posted on February 20, 2007**)

19. On June 15, 2007, Plaintiff made another inquiry to the USCIS regarding the case status, and was notified that the cases were pending at the USCIS Nebraska Service Center. (**Exhibit 7: Copy of USCIS' response after the cases were transferred to the Nebraska Service Center**). According to the processing dates posted on July 16, 2007, the USCIS Nebraska Service Center was then processing I-485 applications filed on August 20, 2006. The I-485 applications of Plaintiff and his wife are now outside the processing date by 24 months, and have been pending for almost 36 months since they were filed. (**Exhibit 8: Copy of USCIS' Processing Dates of the Nebraska Service Center posted on July 16, 2007**).

## INJURY TO PLAINTIFF

20. Defendants' failure to act on Plaintiff's and his wife's I-485 applications within reasonable time is arbitrary and not in accordance with the law. Defendants have unduly delayed the adjudication of Plaintiff's and his wife's I-485 applications for over 35 months from the date of filing, thereby depriving them of the rights to the decision on their applications and the peace of mind to which the Plaintiff and his wife are entitled.

21. Plaintiff and his wife have been waiting for unreasonably long time for their cases to be

adjudicated, and will have to continue to wait for an indefinite period of time as evidenced by the lack of a clear timeline and procedure on the part of the USCIS and the FBI to process overdue cases. Plaintiff and his wife have been unable to plan or pursue a future course of actions in the United States due to the pendency of their I-485 applications.

22. Pending their I-485 applications, Plaintiff and his wife need to apply for work authorization and travel documents, which are limited to increments not to exceed one year (8 C.F.R. §274a.12(c) (9)). As a result, Plaintiff and his wife are forced to apply and pay for the annual renewal of work authorization and travel documents, to the continued inconvenience, financial burden, and detriment to them.

23. Plaintiff and his wife have suffered significant loss of work time on pursuing the I-485 applications, including making inquiries to USCIS, meeting and communicating with attorneys, applying annually for work authorization and travel document renewals, attending fingerprinting appointments, and otherwise resulted from their delayed I-485 applications.

24. Pending their I-485 applications, Plaintiff and his wife cannot apply for jobs that list US permanent residency or citizenship as a prerequisite. Some universities charge students without the US permanent residency (considered non-resident) significantly higher tuitions, because of which Plaintiff's wife could not proceed with her professional education plan. Consequently, Plaintiff and his wife have suffered substantial damage professionally, as a result of Defendants' excessive delay in the adjudication of their I-485 applications.

**PRAYERS**

25. WHEREFORE, in view of the arguments and authorities noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a). compelling Defendants and those acting under their authority to complete the background security clearances and the adjudication of the I-485 applications of Plaintiff and his wife within thirty (30) calendar days of the Order of this Court;

    (b). granting such other and further relief as the Court may deem just and proper.

**Case No.: C07-4221-JCS**
**Plaintiff's Original Complaint**

5


1 Dated this 16th day of August, 2007                                Respectfully submitted,

2

3

4
                                                                     _____
                                                                     Qiang Lu (Plaintiff)
5                                                                    *Pro se*

6

...

28

**Case No.: C07-4221-JCS**
**Plaintiff's Original Complaint**

6

**CERTIFICATION OF INTERESTED ENTITIES OR PERSON**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated this 16th day of August, 2007                  Respectfully submitted,

                                                       Qiang Lu (Plaintiff)
*Pro se*
3 Dory Lane
Foster City, CA 94404
Telephone: (650) 303-5807
Email: luqiang@cal.berkeley.edu

**Case No.: C07-4221-JCS**
**Plaintiff's Original Complaint**

# LIST OF ATTACHMENTS

| *Exhibits* | *Description* |
|---|---|
| 1. | Copy of I-140 Approval Notice |
| 2. | Copies of I-485 Receipt Notice |
| 3. | Copies of USCIS' responses while the cases were at the California Service Center |
| 4. | Copies of USCIS' Fingerprint Appointment Notice |
| 5. | Copies of USCIS Case Transfer Notice |
| 6. | Copies of USCIS Processing Dates of the California Service Center and the Nebraska Service Center, posted on February 20, 2007 |
| 7. | Copy of USCIS' response after the cases were transferred to the Nebraska Service Center |
| 8. | Copy of USCIS' Processing Dates of the Nebraska Service Center posted on July 16, 2007 |