Qiang Lu, *Pro se*
3 Dory Lane
Foster City, CA 94404
Telephone: (650) 303-5807
Email: luqiang@cal.berkeley.edu

Plaintiff

FILED
2008 JAN 22 AM 10: 32
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

QIANG LU,

Plaintiff,

vs.

MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States; CHRISTINA POULOS, Director, California Service Center, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services,

Defendants.

Case No.: C07-04221-SBA

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

Date: March 11, 2008
Time: 1:00 p.m.

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 11, 2008, at 1:00 p.m. or as soon thereafter as the parties may be heard, this matter will be heard before the Honorable Saundra B. Armstrong, in the District Court of Northern California, Courtroom 3, located at 1301 Clay Street, Oakland, CA 94612.

Plaintiff Qiang Lu will and hereby respectfully moves the Court for summary judgment on his petition for the writ of mandamus, on the ground that there is no genuine issue as to any material fact and that Plaintiff is entitled to a judgment as a matter of law.

## MOTION

Pursuant to Federal Rules and Civil Procedure 56(c), plaintiff Qiang Lu ("Plaintiff") hereby moves the Court for Summary Judgment. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Yannan Liu, all pleadings and documents on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks summary judgment in his mandamus action for the Court to enter an order requiring the Federal Bureau of Investigation (FBI) to expeditiously complete the background checks on Plaintiff's and his wife's applications for adjustment of status (Form I-485) and requiring the US Citizenship and Immigration Services (USCIS) to process their I-485 applications to conclusion within 30 days from the order date. In addition, Plaintiff prays that the Court grant such other relief that may be just and appropriate, including costs, expenses that resulted from Defendants' unlawful delay in processing said applications.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Plaintiff Qiang Lu and his wife Yannan Liu are citizens of the People's Republic of China. On August 27, 2004, Plaintiff filed an I-485 application to register for permanent residence with the USCIS California Service Center. Together with Plaintiff's application, the principal application, a derivative I-485 application was filed on behalf of Plaintiff's wife, pursuant to 8 C.F.R. § 245.1 (spouse accompanying principal alien). Both applications have since been pending. Plaintiff either by himself or through attorneys made a number of inquiries to the USCIS regarding the case status. The replies from the USCIS indicated that both applications are pending security check at the FBI. In March 2007, 31 months after the filing date, both applications were transferred to the USCIS Nebraska Service Center. Plaintiff made another inquiry with the USCIS after the case transfer, and was informed that the

principal application is still pending. Recently FBI confirmed that requests for both name checks were received by FBI on September 15, 2004 (Exhibit 1). To date, both applications have been pending for more than 40 months after the filing date.

In regard to the derivative application of Plaintiff's wife, Defendants contend that "the status of her name check is irrelevant to his claims." Joint Case Management Statement, Docket No. 12, at page 1[1]. Plaintiff maintains that his wife's I-485 application is immediately relevant to his claims as detailed in forthcoming arguments.

**ARGUMENT**

A. INTRODUCTION

Summary judgment is appropriate because the pleadings, when viewed in the light most favorable to Defendants, demonstrate that there is no genuine issue of material facts and Plaintiff is entitled to judgment as a matter of law. Federal Rules and Civil Procedures 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Plaintiff has presented evidence showing that both the principal and the derivative applications are delayed by the USCIS pending FBI name check, despite Defendants' challenge to the relevance of the latter application to this case.

B. THE RELEVANCE OF THE DERIVATIVE I-485 APPLICATION TO THIS CASE

Defendants made the contention that "as a *pro se* plaintiff, Plaintiff may not argue for any relief for anyone other than himself, and that because his wife's application cannot be adjudicated until his application has been decided, there is no delay on her application." (Docket No. 12, at 2). Plaintiff disagrees with Defendants' contention on the following grounds.

Firstly, the I-485 application of Plaintiff's wife is a derivative application that is based on Plaintiff's I-485 application, the principal application, under 8 C.F.R. § 245.1. The derivative applicant does not qualify for adjustment of status application independently, but established her eligibility as spouse accompanying principal alien. Therefore, the derivative application cannot be decided separately from the principal application, as Defendants acknowledged in their contention, and Plaintiff is part of the derivative application. The manner in which USCIS processes the two applications also lends

[1] In this document, all docket and page number references to cases in the Northern District of California are based on the records in the PACER database, due to Plaintiff's lack of access to other legal citation sources

support to the above statement. In the reply to a status inquiry regarding Plaintiff's application, (Exhibit 2, which had been included in the Original Complaint), the USCIS addressed the reply to "Qiang Lu and Yannan Liu", and stated that "Your *case* is still pending review ...." (emphasis added). This shows that the USCIS processes the principal and the derivative applications in close connection, and that Plaintiff has the right to pursue actions with regard to these applications.

Secondly, all pleadings that Plaintiff made in the instant case are for his own relief, not on behalf of anyone other than himself. As stated in the Original Complaint, Defendants' unreasonably long delay in adjudication of Plaintiff's and his wife's I-485 applications has caused substantial injury to Plaintiff in many aspects. While certain part of the injury impacts Plaintiff and his wife individually, a large part of the injury caused by the excessive delay in the adjudication of his wife's application directly impacts Plaintiff. One example, for the purpose of illustration rather than limitation, is that Plaintiff's wife has been forced to apply repeatedly for the annual renewal of her employment authorization document and travel document due to her pending I-485 application. The expenses resulted from the renewals and legal services are undue financial burdens that have caused injury directly to Plaintiff. And the injury is aggravated as Plaintiff is the only income source for his family (Attached Declaration byYannan Liu). This is just one example of the clear and present injury Defendant has caused to Plaintiff due to their failure to adjudicate his wife's application within a reasonable time. Many other aspects of Plaintiff's life have also been adversely affected by the delay of his wife's I-485 application. Therefore, the I-485 application and name check status of Plaintiff's wife is immediately relevant to this action, and Plaintiff has a clear and certain right to state his claims against Defendants in connection with his wife's pending I-485 application.

Thirdly, Plaintiff challenges Defendants' claim that the I-485 application of Plaintiff's wife is not delayed as the derivative application can only be decided after the principal one. The FBI name check, which both applications are pending, and the subsequent adjudication process by the USCIS are completely within the administrative authority of Defendants. The USCIS also has under its authority the ability to expedite the FBI name check for certain cases. Therefore, the responsibility for the principal and thus the derivation applications being excessively delayed lies entirely with Defendants. In *Dong v. Chertoff*, No. C 07-0266, Order, Docket No. 17, at 15 N.D. Cal. 2007, the court found that the

delay of both plaintiffs' applications (the principal and the derivative) unreasonable. Further more, whether or not a case has been delayed is to be decided based on the facts related to the processing of the specific case, and thus is irrespective of whether or not the derivative beneficiary is a plaintiff in the legal action.

C. DEDENFANTS HAVE A NON-DISCRETIONARY DUTY TO ADJUDICATE THE APPLICATIONS AT ISSUE

Plaintiff is entitled to relief under 28 U.S.C. §1361, the federal mandamus statute, and the Administrative Procedures Act (APA) as a matter of law. 28 U.S.C. §1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus lies if: (1) the individual's claim is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. *Patel v. Reno*, 134 F. 3d 929, 931 (9th Cir. 1997); *Kildare v. Saenz*, 325 F. 3d 1078, 1084 (9th Cir. 2003). The Immigration and Naturalization Act (INA) authorizes the Attorney General of the United States to adjust the permanent resident status of certain aliens who reside in the United States. 8 U.S.C. § 1255(a). The procedures by which an immigrant can apply to adjust his/her status, either as a principal applicant or a derivative applicant, to that of a legal Permanent Resident is set in 8 C. F. R. §245.2. These statues combined establish a clear and certain right to have immigration status adjustment applications adjudicated. The APA states that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1), and that "with due regard for the convenience and necessity of the parties or their representatives and with a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b). *See Forest Guardians v. Babbitt*, 174 F. 3d 1178 (10th Cir. 1999). In *Kaplan v. Chertoff*, No. 06-5304, 2007 U.S. Dist. LEXIS 22935, *71-72 (E.D. Pa. Mar. 29, 2007) the court found that an APA claim was adequately stated against both the USCIS and the FBI with respect to delays in adjustment of status and naturalization applications.

While Defendants may exercise discretion on how to adjudicate the applications, they have a non-discretionary duty to process the applications. In a number of mandamus cases, the courts made a clear distinction between the government agency's discretionary decision on how to adjudicate an

application and its non-discretionary duty to adjudicate the application, as opposed to withholding the decision indefinitely. In *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999), the court emphasized that there is a difference between the INS's discretion over how to resolve an application and the INS's discretion over whether it resolves an application. In *Fu v. Gonzales*, No. C 07-00207, Am. Order Denying Motion to Dismiss, Docket No. 29, at 5, N.D. Cal. 2007, the court concluded that "courts have jurisdiction at a minimum under the APA because Defendants have a non-discretionary duty to process the AOS applications within a reasonable time, as distinct from its discretionary authority of whether to grant or deny the applications", and that (Id. at 6) "Defendants have a ministerial duty to act on Plaintiffs' AOS applications pursuant to 8 U.S.C. § 1255, within a reasonable time under 5 U.S.C. § 555(b)." In *Toor v. Still*, No. C 07-0645, Order Denying Defendants' Motion to Dismiss, Docket No. 21, at 5, N.D. Cal. 2007, the Court concluded that "8 U.S.C. Section 1255(a) grants the Attorney General discretion over whether to grant or deny an application for adjustment, not whether to adjudicate the application". In the instant case, Plaintiff and his wife have met all statutory requirements for having their I-485 applications adjudicated, including multiple times of fingerprint check. They have a clear and certain right to have their applications processed, and processed within reasonable time.

D. THE I-485 APPLICATIONS OF PLAINTIFF AND HIS WIFE HAVE BEEN DELAYED FOR AN UNREASONABLE AMOUNT OF TIME

The USCIS has failed to adjudicate Plaintiff's and his wife's I-485 applications within a reasonable time. Reasonableness of the delay is a factual determination depending on the particular case. "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu* 36 F. Supp. 2d at 934. In the replies to Plaintiff's multiple case status inquiries, the USCIS failed to provide any evidence that the applications of Plaintiff and his wife were being actively worked on, or any explanation for the exceptionally long delay in the FBI name check process. The extent of the delay in the instant case can be gauged by comparing the delay with the typical processing time of I-485 applications, which is regularly published by the USCIS in processing date reports (Exhibit 3). The processing date posted on December 14, 2007 of I-485 applications at the USCIS California Service Center (where the applications of Plaintiff and his wife were originally filed) is June 18, 2007, i.e., a delay of six months. At the USCIS Nebraska Service Center, where the

applications at issue were transferred to and are currently pending, the I-485 application processing date as of December 14, 2007 is April 24, 2007, i.e., a delay of less than eight months. These dates clearly demonstrate that on average I-485 applications are processed within six to eight months after the filing date. This is in a stark contrast with the applications of Plaintiff and his wife, which to date have been pending for more than 40 months. Regarding the process statistics of the FBI name check, the USCIS stated that "In about 80 percent of the cases, no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of the cases subject to an FBI name check remain pending longer than six months." *See Dong v. Chertoff*, Docket No. 5, Ex. 1. This clearly shows that Plaintiff's and his wife's name checks at the FBI have been delayed for far beyond what it takes in more than 99 percent of the cases. In addition, the USCIS does have the ability to expedite the FBI name check for certain cases, although USCIS decides not to include excessively delayed cases in their criteria for expediting (Exhibit 4). Plaintiff and his wife have met all statutory requirements for the adjudication of their I-485 applications, yet the USCIS or the FBI has not provided any reason why Plaintif's and his wife's applications or name checks require such unusually long time. Thus Defendants have unreasonably delayed processing of the I-485 applications of Plaintiff and his wife, in violation of their duty required by law.

     A number of factually similar cases were recently heard by courts in this District with respect to adjustment of status applications that were delayed by USCIS. In *Singh v. Still*, No. C 06-02458, N.D. Cal., 2006, the Court granted summary judgment compelling the defendants to adjudicate the I-485 application of the plaintiff, finding that the FBI has a duty to process the name checks and the USCIS has a duty to adjudicate the I-485 applications within a reasonable time, regardless of which government agency was responsible for the delay. In *Gelfer v. Chertoff*, No. C 06-06724, Order Granting in Part and Denying in Part Respondents to Dismiss, Docket No. 17, at 3, N.D. Cal. 2006, the court "does not find respondents' more than two-year delay in the adjudication of petitioner's application reasonable as a matter of law." In *Fu v. Gonzales*, Docket No. 29, at 10, the court held that "Plaintiffs have made a *prima facie* showing that the USCIS unreasonably delayed in acting on that duty for the past 3 years and 4 months." In a few other cases, delays in the adjudication of I-485 applications ranging from close to two years to over three years were found unreasonable by the courts. *See Toor v. Still*, Docket No. 21, at

10; *Dong v. Chertoff*, Order, Docket No. 17, at 15; *Wu v. Chertoff*, No. C 06-07880, Order Vacating the Hearing and Denying Defendants' Motion to Dismiss, Docket No. 15, at 5, N. D. Cal. 2006.

Plaintiff has no other adequate remedy available. Absent the Court's order to grant the requested relief, the I-485 applications of Plaintiff and his wife will likely remain in limbo for an indefinite amount of time, causing further damage to Plaintiff. In *Singh v. Still*, Docket No. 20-21, at 11, the court held that waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act. Plaintiff has been adversely affected by Defendants' unreasonable delay in adjudication of his I-485 application and the derivative application of his wife. The delay, which to date is over 40 months, has damaged Plaintiff by depriving him of the ability to plan or pursue a future course of action in the United States pending the I-485 applications, by forcing him and his wife to apply repeatedly for the annual renewal of the employment authorization documents and the travel documents, inflicting on him undue financial burdens and unlawfully prolonged restrictions on employment and traveling as well as other rights that lawful immigrants are entitled to.

## CONCLUSION

Defendants have a non-discretionary duty to adjudicate Plaintiff's I-485 application and the derivative application of his wife, and to do so within a reasonable time. The evidence considered in the light most favorable to Defendants demonstrates that Defendants clearly have failed to perform this duty to the detriment of Plaintiff, who has no other adequate remedy available. For the reasons set forth herein, mandamus relief is warranted. Plaintiff respectfully requests that the Court grant summary judgment in favor of Plaintiff and a writ of mandamus be issued against Defendants.

Dated this 20th day of January, 2008

Respectfully submitted,

Qiang Lu (Plaintiff)
*Pro se*

## LIST OF ATTACHMENTS

| *Exhibit* | *Description* |
|---|---|
| 1. | A letter from FBI regarding the name checks of Plaintiff and his wife, dated November 6, 2007 |
| 2. | USCIS' reply to Plaintiff's case status inquiry, dated January 14, 2005 |
| 3. | USCIS Processing Date Reports of the California Service Center and the Nebraska Service Center, posted on December 14, 2007 |
| 4. | Criteria for expediting FBI name check, published by USCIS on February 20, 2007 |
| 5. | Declaration of Yannan Liu |

**Exhibit 1**

U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

WH 614239

November 6, 2007

Mr. Qiang Lu
Ms. Yannan Liu
3 Dory Lane
Foster City, CA 94404

Dear Mr. Lu and Ms. Liu:

Your letter dated August 1, 2007, directed to Mrs. George W. Bush concerning the status of your name checks for immigration purposes, was forwarded to the Department of Justice and subsequently referred to the Federal Bureau of Investigation (FBI) for reply.

A review of the FBI's Name Check Program database revealed that requests were received for the both of you from the United States Citizenship and Immigration Services on September 15, 2004. Both of these submissions are currently in process.

The FBI processes millions of name check requests each year with each requiring thoughtful consideration. We know how important this information is; however, the FBI must also balance the need for national security in preparing the response to each of these requests. The FBI's homeland security mission requires that our name check process be primarily focused on an accurate and thorough result. While an exact date for completion of these reviews cannot be given, please be assured that the results will be made available to the immigration authorities as quickly as possible.

I trust this information will be of assistance.

Sincerely,

for Michael A. Cannon
Section Chief
National Name Check Program Section
Records Management Division

**Exhibit 2**

U.S. Department of Homeland Security
P.O. Box 30111
Laguna Niguel, CA 92607-0111

U.S. Citizenship
and Immigration
Services

Date: January 14, 2005

WAC Receipt Number:
04 240 52424
04 240 52396

Qiang Lu & Yannan Liu
3 Dory Lane
Foster City CA 94404

**The following is provided in response to your inquiry sent to the California Service Center:**

❑ **Pending-**Your case is still pending review and undergoing system checks. Please allow approximately 180 days for completion before submitting additional inquiries. You will be notified by mail once a decision has been made on your case.

**NOTE:** The district offices are no longer seeing customers unless they have an appointment. Please visit our website at: http:www.Infopass.USCIS.gov to make an appointment with the district office.

Please call the National Customer Service Center toll free number (800) 375-5283 or visit our website at: http://www.USCIS.GOV for additional information. Thank you.

California Service Center
Congressional & Customer Relations Division XII

Officer:LANE JY,IIO
(February 2004.4)



**Exhibit 3**

Home Contact Us Site Map FAQ

Search

Advanced Search

Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resources | Press Room

Print This Page | Back

## U.S. Citizenship and Immigration Services
## California Service Center Processing Dates
## Posted December 14, 2007

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I… know what kind of services are available to me after I file my application or petition?

Service Center Processing Dates for **California Service Center** Posted December 14, 2007

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| **I-90** | Application to Replace Permanent Resident Card | Initial issuance or replacement | July 30, 2006 |
| **I-102** | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | September 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | November 30, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | November 15, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | October 16, 2007 |

U.S Citizenship and Immigration Services - Case Status Service Online https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=CSC

| | | | |
|---|---|---|---|
| **I-129** | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | September 28, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | L - Intracompany transfers | November 15, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | Blanket L | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | O - Extraordinary ability | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | R - Religious occupation | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | October 16, 2007 |
| **I-129F** | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | June 18, 2007 |
| **I-130** | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | June 18, 2007 |
| **I-130** | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | January 17, 2003 |
| **I-130** | Petition for Alien Relative | U.S. citizen filing for a married son or daughter over 21 | April 30, 2001 |
| **I-130** | Petition for Alien Relative | U.S. citizen filing for a brother or sister | April 30, 2001 |
| **I-130** | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | January 01, 2005 |
| **I-130** | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | February 07, 2005 |
| **I-131** | Application for Travel Document | All other applicants for advance parole | September 16, 2007 |
| **I-212** | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | June 18, 2007 |
| **I-360** | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | March 02, 2007 |
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | June 18, 2007 |
| **I-526** | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | June 18, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | September 16, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | September 16, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | September 16, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | All other change of status applications | September 16, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | September 16, 2007 |

2 of 3 1/19/2008 3:57 PM

| | | | |
|---|---|---|---|
| **I-539** | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | September 16, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | September 16, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | All other extension applications | September 16, 2007 |
| **I-612** | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | March 14, 2007 |
| **I-751** | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | June 18, 2007 |
| **I-765** | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | September 29, 2007 |
| **I-765** | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | November 15, 2007 |
| **I-765** | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | September 29, 2007 |
| **I-765** | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | September 29, 2007 |
| **I-765** | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | September 29, 2007 |
| **I-765** | Application for Employment Authorization | All other applications for employment authorization | September 29, 2007 |
| **I-817** | Application for Family Unity Benefits | Voluntary departure under the family unity program | May 15, 2007 |
| **I-824** | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | June 18, 2007 |
| **I-829** | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) | June 18, 2007 |
| **I-829** | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) based on PL107-273 | September 10, 1997 |

Print This Page | Back

U.S Citizenship and Immigration Services - Case Status Service Online https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC

Home Contact Us Site Map FAQ

Search

Advanced Search

Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resources | Press Room

**U.S. Citizenship and Immigration Services**
**Nebraska Service Center Processing Dates**
**Posted December 14, 2007**

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I… know what kind of services are available to me after I file my application or petition?

Service Center Processing Dates for **Nebraska Service Center** Posted December 14, 2007

| | | | |
|---|---|---|---|
| **I-90** | Application to Replace Permanent Resident Card | Initial issuance or replacement | June 18, 2007 |
| **I-90** | Application to Replace Permanent Resident Card | 10-year renewal | May 31, 2007 |
| **I-90A** | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | June 18, 2007 |
| **I-102** | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | September 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | November 30, 2007 |

1 of 3 1/19/2008 4:17 PM

| | | | |
|---|---|---|---|
| **I-129** | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | November 15, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | L - Intracompany transfers | November 15, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | Blanket L | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | O - Extraordinary ability | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | R - Religious occupation | October 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | October 16, 2007 |
| **I-131** | Application for Travel Document | Permanent resident applying for a re-entry permit | July 14, 2007 |
| **I-131** | Application for Travel Document | Refugee or aslyee applying for a refugee travel document | July 14, 2007 |
| **I-131** | Application for Travel Document | Haitian Refugee Immigrant Fairness Act (HRIFA) principal applying for advance parole | September 16, 2007 |
| **I-131** | Application for Travel Document | Haitian Refugee Immigrant Fairness Act (HRIFA) dependent applying for advance parole | March 20, 2007 |
| **I-131** | Application for Travel Document | All other applicants for advance parole | September 16, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Extraordinary ability | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Outstanding professor or researcher | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Multinational executive or manager | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Schedule A Nurses | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Skilled worker or professional | April 06, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Unskilled worker | April 06, 2007 |
| **I-212** | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | June 18, 2007 |
| **I-360** | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | June 18, 2007 |
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | April 24, 2007 |
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | October 01, 2006 |
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Based on refugee admission more than 1 year ago | December 21, 2006 |
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Under the Haitian Refugee Immigrant Fairness Act (HRIFA) | June 18, 2007 |

| | | | |
|---|---|---|---|
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Under the Indochinese Adjustment Act | June 18, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | All other change of status applications | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | May 12, 2007 |
| **I-539** | Application to Extend/Change Nonimmigrant Status | All other extension applications | May 12, 2007 |
| **I-612** | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | May 04, 2007 |
| **I-730** | Refugee/Asylee Relative Petition | Petition for accompanying family members of a refugee or an asylee | September 29, 2006 |
| **I-751** | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | February 09, 2007 |
| **I-765** | Application for Employment Authorization | Based on an approved asylum application [(a)(5)] | November 15, 2007 |
| **I-765** | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | September 29, 2007 |
| **I-765** | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | November 15, 2007 |
| **I-765** | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | September 29, 2007 |
| **I-765** | Application for Employment Authorization | All other applications for employment authorization | September 29, 2007 |
| **I-817** | Application for Family Unity Benefits | Voluntary departure under the family unity program | June 18, 2007 |
| **I-824** | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | February 09, 2007 |

Print This Page | Back

Home Contact Us Privacy Policy Website Policies NoFEAR Freedom Of Information Act FirstGov

U.S. Department of Homeland Security

**Exhibit 4**

*Office of Communications*
**U.S. Department of Homeland Security**

U.S. Citizenship
and Immigration
Services

February 20, 2007

# USCIS Update

## USCIS CLARIFIES CRITERIA TO EXPEDITE FBI NAME CHECK

*Federal Litigation Removed as Sole Basis to Expedite Check*

WASHINGTON – U.S. Citizenship and Immigration Services (USCIS) is no longer routinely requesting the FBI to expedite a name check when the only reason for the request is that a mandamus (or other federal court petition) is filed in the case.

USCIS may continue to request an expedited FBI name check if the case meets one of the other approved criteria, including:

1. Military deployment,
2. Age-out cases not covered under the *Child Status Protection Act*, and applications affected by sunset provisions such as diversity visas,
3. Significant and compelling reasons, such as critical medical conditions, and
4. Loss of social security benefits or other subsistence at the discretion of the USCIS District Director.

The FBI name check is an invaluable part of the security screening process, ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens. USCIS also requests an FBI name check to screen out people who seek immigration benefits improperly or fraudulently and ensure that only eligible applicants receive benefits.

Information about the FBI name check is available on the USCIS website at http://www.uscis.gov or by calling the USCIS National Customer Service Center toll free at 1-800-375-5283.

–USCIS –

On March 1, 2003, U.S Citizenship and Immigration Services became one of three legacy INS components to join the U.S. Department of Homeland Security. USCIS is charged with fundamentally transforming and improving the delivery of immigration and citizenship services, while enhancing our nation's security.

Qiang Lu, *Pro se*
3 Dory Lane
Foster City, CA 94404
Telephone: (650) 303-5807
Email: luqiang@cal.berkeley.edu

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| QIANG LU,<br>Plaintiff,<br>vs.<br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States; CHRISTINA POULOS, Director, California Service Center, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services,<br>Defendants. | Case No.: C07-04221-SBA<br><br>**DECLARATION OF YANNAN LIU IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Yannan Liu, the undersigned, do hereby declare the following under penalty of perjury:

1. I am the wife of Qiang Lu, the plaintiff of case C07 04221 SBA.

2. I have been unemployed since February, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 20th day of January, 2008.

Respectfully submitted,

Yannan Liu
3 Dory Lane
Foster City, CA 94404

Case No.: C07-04221-SBA
DECLARATION OF YANNAN LIU IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
2