Qiang Lu, *Pro se*
3 Dory Lane
Foster City, CA 94404
Telephone: (650) 303-5807
Email: luqiang@cal.berkeley.edu

Plaintiff

**FILED**

FEB 1 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| QIANG LU, | Case No.: <u>C07-04221-SBA</u> |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION** |
| vs. | **FOR SUMMARY JUDGMENT; REPLY TO DEFENDANTS' OPPOSITION TO PLAINTITFF'S MOTION FOR SUMMARY JUDGMENT** |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States; CHRISTINA POULOS, Director, California Service Center, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, | Date: March 11, 2008 Time: 1:00 p.m. Courtroom: 3, 3rd floor |
| Defendants. | |

Plaintiff Qiang Lu hereby files this opposition to Defendants' Motion for Summary Judgment. In their Motion for Summary Judgment, Defendants assert that Court lacks jurisdiction over the action and that Plaintiff have failed to state a clear and certain claim upon which relief may be granted. Plaintiff maintains that Court has jurisdiction under 28 U.S.C. § 1361 and the Administrative Procedure Act (APA). Plaintiff argues that he has been prejudiced by Defendants' delay in processing Plaintiff's and

his wife's I-485 applications, and the delay is unreasonable as determined by the facts. Plaintiff requests that Court grant relief that he is entitled to under the Immigration and Nationality Act, 28 U.S.C. § 1361, the APA and other relevant statutes and case law.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTUAL BACKGROUND**

On August 27, 2004, Plaintiff and his wife filed the principal and derivative I-485 applications with the USCIS. Both applications have been awaiting the results of the FBI name checks, which have been pending since September, 2004. The facts are undisputed.

**ARGUMENTS**

A. FACTUAL CORRECTION TO THE DECLARATION BY NEIL M. JACOBSON

Acting Director of the USCIS Nebraska Service Center (NSC) Neil M. Jacobson testified in his declaration that "the priority date for visa number purposes in Plaintiff's case is the date of filing the labor certification: September 22, 2003." Defendants' Motion for Summary Judgment, Ex. A, p.5, ¶ 11. In fact, Plaintiff's petition was under the category of Alien of Extraordinary Ability (EB-1(a)), not Labor Certification. The EB-1(a) application was filed on September 22, 2003, and was approved on September 27, 2004 (Exhibit 1).

B. DEFENDANTS MUKASEY AND MUELLER SHOULD NOT BE DISMISSED

Plaintiff acknowledges that the Department of Homeland Security is the agency responsible for implementing the Immigration and Nationality Act, and also acknowledges the decisions of courts in this district in *Konchitsky v. Chertoff*, No. C 07-00294 RMW and *Dmitriev v. Chertoff*, No. C 06-07677 JW (dismissed Director of the FBI). Plaintiff respectfully contends that in Defendant's Motion for Summary Judgment and the Declaration in Support, Defendants attributed the delay in Plaintiff's and his wife's applications to the delay in the FBI name check. Therefore, their request for Defendant Mueller, Director of the FBI, and Michael Mukasey, Attorney General of the U.S., be dismissed contradicts their own stand. In *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 400 (E.D. Pa. 2007), the court holds that "Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks". So Court retains jurisdiction over the FBI under APA. Therefore, Plaintiff respectfully requests that Defendants Mukasey and Mueller not be dismissed.

C. PLAINTIFF ARUGES FOR HIS OWN RELIEF

Defendants contend that as a pro se plaintiff, Plaintiff may not assert a claim on his wife's behalf. Defendants' Motion, p.6. The fact is that Plaintiff stated clearly that he is arguing for relief only on his own behalf in this action. Plaintiff's Motion For Summary Judgment, p.4. The reason that his wife's application is relevant to the requested relief is because Defendants' undue delay in his wife's application has caused injury to Plaintiff. Plaintiff provided a very specific example of the injury, i.e., the financial burden of his wife's annual renewal fees for the Employment Authorization Document and the Travel Document falling entirely on him. Granting Plaintiff's requested relief will also result in the relief for his wife in parallel. That, however, is not a reason why Plaintiff himself should continue to suffer the injury cased by Defendants' failure to perform their duty required by law. In addition, Plaintiff stated that his wife's I-485 application is not an independent application, but a derivative one that is attached to Plaintiff's application solely based on family benefits. Plaintiff's Motion, p.3. Defendants' counter argument is tangential, and failed to address Plaintiff's points.

Defendants also argue that the application of Plaintiff's wife is not ripe so the delay in her case is eminently reasonable. Defendant's Motion, p.6. Plaintiff contends that the derivative application for his wife is also governed by the APA, which provides a general timing provision with respect to the reasonable timeframe of agency action. The USCIS also has a non-discretionary duty to complete the derivative application in reasonable time. Courts in this district found jurisdiction over derivative applications (*Fu v. Gonzales*, No. C 07-00207 EDL, N.D. Cal. 2007), and granted Motion for Summary Judgment to derivative applicant plaintiff. (*Dong v. Chertoff*, No. C 07-0266 SBA, N.D. Cal. 2007)

D. COURT HAS JURISDICTION UNDER 28 U.S.C. § 1361 AND THE APA

Defendants acknowledged that the notice requirement in 8 C. F.R. § 245.2(a)(5) is non-discretionary in nature, mandating a decision, but argue that it does not extend to "the pre-adjudication processing of which Plaintiff here complains, a process that is statutorily defined as discretionary". Defendants' Motion, p.5. Contrary to this assertion, Plaintiff's complaints include not only the delayed name checks, but also the delayed decisions on his and his wife's I-485 applications. The final decision on an application is obviously contingent upon a number of intermediate actions such as various security checks as necessary in the specific case. When the USCIS assumes the responsibility for the

adjudication of immigration cases, it is expected to take all necessary intermediate actions such that it will complete the adjudication as mandated by law. The word adjudication is defined as "the act or *process* of adjudicating" (Merriam-Webster Dictionary online, emphasis added). Plaintiff contends that the security checks and other intermediate investigations are an integral part of the adjudication of a case, so the "pre-adjudication" being discretionary argument by Defendants does not hold. Defendants are trying to use the discretionary nature of the intermediate actions, upon which the final decision depends, to argue for their discretion over whether or not to make the final decision, which is non-discretionary as they acknowledged. Courts have clear jurisdiction to compel the USCIS to *conclude* the adjudication of a case regardless. And when courts do that, it is the USCIS' responsibility to conduct all necessary intermediate investigations, be them "pre-adjudication" or not, to fulfill its duty required by 8 C. F.R. § 245.2 and other statues. Allowing the USCIS to use a pending intermediate action as the excuse for withholding the final decision indefinitely amounts to giving the USCIS discretion over whether or not to perform their non-discretionary duty required by law, thus would negate 8 C. F.R. § 245.2 and the APA. Defendants cited 8 U.S.C. § 1252(a)(2)(B) as the legal basis of precluding judicial review of any action. Defendants' Motion, p.5. In *Fu v. Gonzales*, the court finds such an interpretation "would render 'toothless all timing restraints, including those imposed by the APA,' which would amount to a grant of permission for inaction." (Docket No. 29, at 8, citing *Duan v. Zamberry*, W.D.Pa. February 23, 2007),

Court also has jurisdiction over this case under the APA, which imposes a clear duty on Defendants to adjudicate the I-485 applications within a reasonable time. Defendants contend that there is no timetable for the adjudication of Plaintiff's application. While there is not a specific timeframe for the completion of the I-485 applications set forth by law, Defendants cannot withhold the decision for arbitrarily long time. Allowing the USCIS "a limitless amount of time to adjudicate petitioner's application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b) and ultimately, could negate the USCIS' duty under 8 C.F.R. § 245.2(a)(5)." *Gelfer v. Chertoff*, No. C 06-06724, Docket No. 17, at 3, N.D. Cal., 2006; *Fu v. Gonzales*, Docket No. 29, at 6 ("this Court also concurs that simply asserting a need to await results of an FBI name check does not suffice to show the delay was reasonable as a matter of law").

E. PLAINTIFF ESTABLISHED THE UNREASONABLENESS OF THE DELAY

Defendants argue that the delay in Plaintiff's and his wife's applications are reasonable because "Here, Defendants have offered a specific explanation for the delay: Plaintiff's name check involves a complex research process that is ongoing." Defendant's Motion, p.7. This assertion is unsubstantiated. The only explanation the Defendants have offered is that the applications are pending FBI name check since September 2004. Contrary to their claim, Defendants have not provided any specific evidence that the name checks are being actively worked on, nor have they given any specific reasons for why Plaintiff and his wife's cases particularly require such an unusually long time to investigate. Pending FBI name check is in fact the explanation commonly seen in a number of similar mandamus cases on delayed I-485 applications. In this district, courts consistently found that without specific reasons for the excessive delay, pending FBI name check does not render the delay reasonable. See *Singh v. Still*, No. C 06-02458, Docket No. 29, at 5, N.D. Cal., 2006; *Gelfer v. Chertoff*, Docket No. 17, at 3.

Defendants blamed the FBI for the delay, and assert that the USCIS does everything it can to ensure that eligible alien do not wait for longer than necessary for a decision. Defendants' Motion, p.7. As USCIS contracts the name check to the FBI, it has subsumed the responsibility of ensuring that the name check and the applications are concluded within reasonable time. The USCIS made the same argument in *Singh vs. Still*, where the court held that "Respondents' attempt to divorce themselves from the FBI is unavailing. The critical issue is not whether a particular branch of the federal government is responsible for the delay; it is whether the individual petitioner versus the government *qua* government is responsible" (*Singh vs. Still*, Docket No. 29, at 6.), and that "even if the FBI were largely responsible for the delay as Respondents suggest, its conduct would properly be within the scope of the complaint herein", Id. at 7.

Defendants also stated that pursuant to 8 C.F.R. §103.2(b)(18), "A district director *may* authorize withholding adjudication". Defendants' Motion, p.6, emphasis in original. However, there is no evidence in the record showing that Defendants have acted pursuant to the procedures set forth in that section in the instant case. Nor have Defendants provided any evidence so far, in spite of their full awareness of §103.2(b)(18), to show that they have complied to the procedural requirements of the regulation. This is contrary to Defendants' claim that "Plaintiff has failed to establish the existence of

1   agency impropriety". Defendants' Motion, p.9. Furthermore, in *Duan v. Zamberry*, 2007 WL 626116 at

2   *3, n. 2 (W.D.Pa. February 23, 2007), the court held that Defendants did not assert action pursuant to

3   §103.2(b)(18), but action under that section would still be subject to reasonableness under the

4   Administrative Procedure Act.

5         Defendants asserted that "Plaintiff rests his argument on a single fact: the passage of time", and

6   cited *Singh v. Ilchert* (finding time alone is rarely enough to justify a court's intervention in the

7   administrative process, since administrative efficiency is not a subject particularly suited to judicial

8   intervention). Defendants' Motion, p.10. The above assertion neglected other important facts on which

9   Plaintiff's arguments are based. In addition to the passage of time (Plaintiff's and his wife's cases have

10   been pending for more than 40 months), Plaintiff demonstrated that the vast majority similar cases are

11   completed within six to eight months, and that Defendants have failed to provide any specific and

12   unambiguous reason why the unusual delay is warranted in Plaintiff's and his wife's cases. These facts

13   viewed together demonstrated that the delay is unreasonable, so mandamus does lie. It is clearly not just

14   the passage of time that forms the basis of this complaint. Therefore, the Singh court ruling does not

15   apply to the instant case, contrary to Defendants' assertion. It is not a matter of administrative efficiency

16   either. The very fact that the vast majority of similar cases are completed within six to eight months

17   indicates that the USCIS processes those cases generally in an efficient manner. When such a good

18   overall efficiency is juxtaposed with the excessive delay in Plaintiff's and his wife's cases, it attests to

19   the unreasonableness of the delay. Defendants also asserted that the fact the majority of cases are

20   processed within a lesser time frame suggests that the name checks without results after six months are

21   so because they require more time to investigate. Defendants' Motion, p.9. The above logic is flawed. It

22   is based on the assumption that the FBI consistently processes every single name check request as timely

23   as permitted by the particular case. This is the very point that Plaintiff is disputing. Absent a sound

24   justification, an undue delay does not automatically become reasonable just because many other cases

25   are processed promptly.

26         F. PLAINTIFF SUFFERS A CLEAR AND PRESENT INJURY

27         Defendants assert that Plaintiff has failed to establish that the delays impact his health or welfare,

28   and further argue that Plaintiff "has not stated that he is unable to pay the fees for appropriate work and

travel permits, or that the fees will render him destitute." Defendants' Motion, p. 9. Health is just one of the many aspects that an applicant can potentially be impacted by the delay. Plaintiff has been repeatedly forced to pay the annual renewal fees for the employment authorization and travel documents for both himself and his wife due to the excessive delay in their applications. He does not have the option of not paying the fees, because without the employment authorization, he cannot work legally in the US, which "will render him destitute". In other words, Plaintiff simply has to make every effort possible to pay for the renewal fees as this is imposed by livelihood necessity. But that does not make the USCIS' delay lawful or harmless. Moreover, whether or not Plaintiff has the financial means to pay the fees is irrelevant to this action. The issue here is whether or not the delay is lawful. Plaintiff argues that it is unlawful, and thus so are the resultant additional renewal fees. Plaintiff is not asking Defendants to grant humanitarian relief, but to perform their non-discretionary duty in reasonable time as required by law. Defendants' argument penalizes and discriminates against those with the financial means to pay the undue renewal fees caused by the USCIS' delay.

Defendants claim that Plaintiff is free to explore alternative employment. Defendants' Motion, p.9. USCIS NSC Acting Director Jacobson noted in his declaration that Plaintiff's current work permit is valid through October 24, 2008. Defendant's Motion, Ex. A, p.10, ¶ 19. As there is no guarantee that the annual renewal will be available and available timely, Plaintiff could lose the eligibility to work legally in the US, rendering his family destitute. Acting Director Jacobson also confirmed that Plaintiff's travel document renewal application, submitted on August 28, 2007, still remains pending after five and half a months. Id. As a result Plaintiff cannot travel freely. Noting that a renewed travel document or work permit is only valid for one year, this illustrates that the pace and outcome of those annual renewals are highly unreliable.

Acting Director Jacobson indicated that expediting an application comes at the expense of other name check cases, many of which have been pending since December 2002. Defendants' Motion, Ex. A, p.8, ¶ 15. It is easily seen that Plaintiff is not asking for preferential treatment. Given the facts that Plaintiff's and his wife's name checks have been pending for more than 40 months, and that millions of applications filed after theirs were adjudicated, more than 99 percent of which got their name checks completed within 6 months, one would be hard pressed to conclude that Plaintiff is attempting a queue

jumping. Declaration by Jacobson also indicated that as of May 2007, 329,160 FBI name check cases were pending, with 31,144 of them pending more than 33 months. Id., p.4, ¶7. Plaintiff's and his wife's cases are clearly in the top 10 percent with the longest delay among all pending cases.

Defendants made the assertion that "Plaintiff has not been prejudiced by the delay." Defendants' Motion, p.9. In *Singh v. Still*, the court held that "As to the nature and extent of interests prejudiced by the delay, Mr. Singh's inability to obtain permanent resident status affects a wide range of important rights, including but not limited to travel and the ability petition to immigrate close family members", and that "Moreover, Respondents' delay impacts Mr. Singh's ability to seek United States citizenship and all the rights and privileges attendant thereto." *Singh v. Still*, Docket No. 29, at 9. The injury Plaintiff suffers includes but is not limited to all the above.

Defendants named the Government's interest in a thorough and accurate background check as a justification of the excessive delay. Defendants' Motion, p.9. Similarly, national security is another justification that the USCIS commonly used. The key missing evidence here is that such a delay is required for performing a thorough and accurate background check in the instant case. From all the documents that Defendants provided, one could only conclude that Plaintiff's and his wife's applications are waiting to be processed. There is no evidence that the USCIS or the FBI is carrying out a thorough and accurate background check as Defendants claimed. In *Dong v. Chertoff* (Docket No. 17, at 16), the court held that "If there is some legitimate national security concern with them [the plaintiffs] or other applicants currently living and working in the country, this surely militates in favor of prompt security checks, not in favor of delay." In *Singh v. Still* (Docket No. 29, at 8), the court found that "the mere invocation of national security is not enough to render agency delay reasonable per se. In the instant case, Respondents claim that there are issues requiring further inquiry but provide the Court with no further information about these issues. On the papers, the Court is left with the *ipse dixit* assertions of the government." Much like in *Singh v. Still*, Defendants failed to give any concrete support to their alleged interest in a thorough and accurate background check, or the complex research particularly needed in Plaintiff's and his wife's cases.

## CONCLUSION

The relevant statutes and case law, including recent cases heard by courts in this district, indicate

1  that Court has jurisdiction to hear this case and to compel Defendants to perform their non-discretionary

2  duty to act on and to make a decision on the I-485 applications of Plaintiff and his wife. Blaming the

3  FBI for the delay in name check does not render the USCIS' excessive delay reasonable. Plaintiff's

4  interests have been prejudiced by Defendants' inaction on Plaintiff's and his wife's I-485 applications.

5  Plaintiff is therefore entitled to a relief under 28 U.S.C. § 1361 and the APA.

6      For the foregoing reasons, Plaintiff respectfully requests that the Court grant summary judgment

7  in favor of Plaintiff and deny Defendants' Motion for Summary Judgment.

8

9  Dated this 10th day of February, 2008                 Respectfully submitted,

10

11

12

13                                              Qiang Lu (Plaintiff)

14                                              *Pro se*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# LIST OF ATTACHMENTS

*Exhibit*          *Description*

1.          Approval Notice of Plaintiff's I-140 application under the category of Alien of
            Extraordinary Ability.

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | CASE TYPE | I140 |
|---|---|---|
| WAC-03-263-53937 | IMMIGRANT PETITION FOR ALIEN WORKER | |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| September 22, 2003 | September 22, 2003 | LU, QIANG |

| NOTICE DATE | PAGE | BENEFICIARY |
|---|---|---|
| September 27, 2004 | 1 of 1 | LU, QIANG |

QIANG LU
C/O QIANG LU
3077 LOS PRADOS ST 206
SAN MATEO CA 94403

Notice Type:  Approval Notice
Section: Alien of Extraordinary
         Ability, Sec.203(b)(1)(A)

Courtesy Copy: Original sent to: HARRINGTON, MARK

This courtesy notice is to advise you of action taken on this case.  The official notice has been mailed to the
attorney or representative indicated above.  Any relevant documentation included in the notice was also mailed as
part of the official notice.

The above petition has been approved.  The approved petition will be stored in this office.  If the person for whom you
are petitioning is or becomes eligible to apply for adjustment of status, he or she should contact the local INS office
to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the
application, with appropriate fee, to this Service Center.  Additional information about eligibility for adjustment of
status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based upon this
petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with
this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action.  The NVC also determines which
consular post is the appropriate consulate to complete visa processing.   It will then forward the approved petition to
that consulate.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action
taken on this case.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Form I-797C (Rev. 08/31/04) N

