JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6730
   FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| QIANG LU, | No. C 07-4221 SBA |
| Plaintiff, | |
| v. | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services; ROBERT S. MUELLER, Director of the Federal Bureau of Investigation; MICHAEL B. MUKASEY,* Attorney General of the United States; CHRISTINA POULOS, Director, California Service Center, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, | REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date:       March 11, 2008<br>Time:      1:00 p.m.<br>Courtroom: 3, 3rd Floor |
| Defendants. | |

///
///
///
///
///
///

DEFENDANTS' REPLY
No. C 07-4221 SBA

**I. INTRODUCTION**

Plaintiff Qiang Lu ("Plaintiff") opposes Defendants' Motion for Summary Judgment ("Defendants' Motion"). He asks the Court to retain jurisdiction over Defendants Mukasey and Mueller. He also asserts that in asserting a claim on his wife's behalf, he "argues for his own relief." Finally, he argues that the delay is unreasonable.[1] Contrary to his contentions, the Court lacks jurisdiction over the Federal Bureau of Investigation ("FBI"), Plaintiff may not assert a claim on behalf of his wife, and the delay is reasonable. Moreover, the U.S. Citizenship and Immigration Services ("USCIS") has recently revised its policy regarding adjustment applications with incomplete name checks, and thus has taken significant remedial measures. Accordingly, Defendants respectfully ask this Court to deny Plaintiff's motion, and grant their motion for summary judgment.

**II. ANALYSIS**

A. <u>DEFENDANTS MUKASEY AND MUELLER SHOULD BE DISMISSED</u>

Plaintiff opposes Defendants Mukasey and Mueller's request to be dismissed from this action. Plaintiff's Opposition, p. 2. As stated in Defendants' Motion, courts in this District have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the immigration laws of the United States.[2] See <u>Alibeik v. Chertoff</u>, No. C 07-1938 EDL, 2007 WL 4105527, at *3 (N.D. Cal. Nov. 16, 2007); <u>Clayton v. Chertoff, et al.</u>, No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal. Oct. 1, 2007); <u>Konchitsky v. Chertoff</u>, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); <u>Tang v. Chertoff</u>, No. C 07-

---

[1] Plaintiff also asserts that the Jacobson Declaration, submitted in support of Defendants' Motion, contains a factual error. <u>See</u> Plaintiff's Opposition, p. 2. Plaintiff apparently misunderstands the meaning of the phrase "labor certification" which is not a category of visas, but rather, is the process through which employment based visas are granted. <u>See, e.g.</u>, <u>Liberty Fund, Inc. v. Chao</u>, 394 F. Supp. 2d 105, 108-09 (D.D.C. 2005) (explaining labor certification process). Regardless, the matter is immaterial to the issue before the Court.

[2] Defendants acknowledge a recent decision in this District that is to the contrary, but argue that this minority decision is in error because that decision did not consider the investigatory and discretionary nature of the name check. <u>See</u> <u>Moretazpour v. Chertoff</u>, No. 07-4264 BZ, 2007 WL 428763 (N.D. Cal. Dec. 5, 2007).

DEFENDANTS' REPLY
No. C 07-4221 SBA                                2

1  0395 JF, 2007 WL 1650938, at *3 (N.D. Cal. June 5, 2007); <u>Dmitriev v. Chertoff</u>, No. C 06-7677
2  JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).

3  Further, Defendants respectfully submit that the Court should decline to interfere with discretion of the FBI to set priorities for processing background checks. <u>See, e.g.</u>, <u>Konchitsky</u>, 2007 WL 2070325, at *6-7 (stating "courts squarely addressing the issue of whether they have jurisdiction to compel the FBI to perform name checks . . . have overwhelmingly concluded that they do not."); <u>Yan v. Mueller</u>, No. H-07-0313, 2007 WL 1521732, at *6 (S.D. Tex. May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's <u>exercise of discretion</u> in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks." (emphasis added)). Moreover, if any duty is owed, it is owed to USCIS, not Plaintiff. <u>See</u> <u>Eldeeb v. Chertoff</u>, No. 07-cv-236-T-17EAJ, 2007 WL 2209231, at *21 (M.D. Fla. July 30, 2007) (dismissing the FBI, stating that the duty owed by the FBI is to USCIS, not the plaintiff). Accordingly, Defendants Mukasey and Mueller should be dismissed from this action.

B. <u>PLAINTIFF CANNOT ASSERT CLAIMS ON BEHALF OF HIS WIFE</u>

Plaintiff argues that the alleged undue delay in his wife's application has caused him injury, and that thus, he may argue on her behalf because he actually seeks relief for himself. Plaintiff's Opposition, p. 3. Contrary to his contentions, he may not ask the Court to order relief for his wife. <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987). Moreover, Plaintiff lacks standing to assert the claims of his wife. <u>See, e.g.</u>, <u>Woods v. Carey</u>, 2005 WL 3436366, at *2 (E.D. Cal. Dec. 14, 2005) ("The court is deprived of jurisdiction when the plaintiff lacks a legally cognizable interest in the outcome.").

Even if Plaintiff could assert a claim on behalf of his wife, there is no delay in adjudicating her application. Because her application is dependent upon his, "she remains unentitled to receive" adjustment of status. <u>Sun v. Chertoff</u>, No. 07cv152 BTM, 2007 WL 2480315, at *2 (S.D. Cal. Aug. 27, 2007). This Court's decision in <u>Dong v. Chertoff</u>, 513 F. Supp. 2d 1158 (N.D. Cal. 2007), is distinguishable because it does not consider whether there can be unreasonable delay where the applicant is not even eligible for adjustment of status. <u>Id.</u> at 1171. Similarly, in <u>Fu v. Gonzales</u>, No.

DEFENDANTS' REPLY
No. C 07-4221 SBA                    3

07-0207, 2007 WL 1742376 (N.D. Cal. May 22, 2007), when denying the Government's motion to dismiss, the district court did not discuss whether unreasonable delay can exist for a beneficiary applicant. Id. at *6. Here, there is no delay because Plaintiff's wife is not eligible for adjustment of status until his application is approved. Defendants' Motion, Exh. A, p. 4 ¶ 8; see, e.g., Sun, 2007 WL 2480315, at *2 (dismissing beneficiary's claim); Kheiravar v. Chertoff, No. 07cv0143 JM, 2007 U.S. Dist. LEXIS 35390, at *5 (S.D. Cal. May 14, 2007) (dismissing beneficiary's claim for lack of subject matter jurisdiction). Accordingly, Plaintiff is not entitled to summary judgment in his favor on this claim; instead, the claims regarding his wife should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### C. PLAINTIFF HAS FAILED TO ESTABLISH THE EXISTENCE OF AN UNREASONABLE DELAY

On February 4, 2008, USCIS issued revised guidelines for processing adjustment applications with pending name checks. See Memorandum of Michael Aytes (Feb. 4, 2008) (attached as Exh. D). Under the new guidelines, applications that are approvable "but for" a name check that has been pending for more than 180 days will be approved. Id. Accordingly, Defendants have taken significant remedial measures. Id.; see Liberty Fund, Inc., 394 F. Supp. 2d at 120-21 (declining to retain jurisdiction where, among other things, the agency recently adopted structural changes to expedite resolution of pending labor certifications). USCIS must be given an adequate opportunity to implement those measures, and process Plaintiff's application in accordance with the new procedure.

Plaintiff argues that Defendants must provide particular reasons for the alleged excessive delay in his case. Plaintiff's Opposition, p. 5. As recognized by the district court in Eldeeb, the fact the majority of cases are processed within a lesser time frame "suggests that . . . the requests without results after six months are so because those particular Name Check requests require more time to investigate." Eldeeb, 2007 WL 2209231, at *5. Moreover, the name check consists of an examination of law enforcement investigatory records. See Doe v. FBI, 936 F.2d 1346, 1348 n.2 (D.C. Cir. 1991) (explaining that the Central Records System is the FBI's central filing system, containing the agency's investigative records on various individuals and subject matters);

Defendants' Motion, Exh. B, p. 2 (explaining that the name check consists of a review of files compiled by law enforcement). Plaintiff is not entitled to know the particularized details of this, or any, law enforcement investigation. FBI v. Abramson, 456 U.S. 615, 631-32 (1982) (holding that "information initially contained in a record made for law enforcement purposes continues to meet the threshold requirements of [5 U.S.C. § 552(b)(7)] where that recorded information is reproduced or summarized in a new document prepared for a non-law-enforcement purpose.").

It is important to note that Plaintiff erroneously argues that Defendants have not complied with 8 C.F.R. § 103.2(b)(18). Plaintiff's Opposition, p. 5. This argument is a red herring because the regulation has not been invoked in this case. Defendants cited that regulation as evidence that the process of adjudication is discretionary. Defendants' Motion, pp. 5-6. Accordingly, the measures set forth in that regulation are irrelevant to consideration of the issues in the case at hand. Defendants' Motion, Exh. A.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion for Summary Judgment, dismiss Defendants Mukasey and Mueller, and grant summary judgment in favor of the remaining Defendants.

Dated: February 19, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/S/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorney for Defendants