UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| QIANG LU, | ) | No. C07-4221 SBA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation; ALBERTO R. GONZALES, Attorney General of the United States; CHRISTINA POULOS, Director, California Service Center, U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, | ) ) ) ) ) ) ) ) ) ) ) ) ) | PROPOSED ORDER |
| Defendants. | ) | |

## I. BACKGROUND

Plaintiffs asks the Court to compel Defendants to adjudicate both his and his wife's adjustment of status applications, and argues that summary judgment should be granted in his favor. Defendants argue that the claims against Defendants Mueller and Mukasey should be dismissed for lack of subject-matter jurisdiction. Defendants also argue that the claims on behalf of Plaintiff's wife should be dismissed for lack of subject matter jurisdiction. Finally, Defendants assert that the delay in Plaintiff's case is not unreasonable, and that they are therefore entitled to summary judgment as a matter of law.

## II. LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidence for a

1  reasonable fact finder to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477
2  U.S. 242, 248-49 (1986). A fact is material if the fact may affect the outcome of the case. See id.
3  at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the
4  court may not weigh the evidence or make credibility determinations, and is required to draw all
5  inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732,
6  735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and
7  dispose of factually unsupported claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 323-24 (1986).
8      Subject-matter jurisdiction is not waivable, and may be raised at any time. In re Kieslich,
9  258 F.3d 968, 970 (9th Cir. 2001); Hill v. Blind Indus. and Services of Maryland, 179 F.3d 754, 762
10 (9th Cir. 1999).

### III. ANALYSIS

#### A. DISMISSAL OF CLAIMS AGAINST DEFENDANTS MUKASEY AND MUELLER

14     Since March 1, 2003, the Department of Homeland Security has been the agency responsible
15 for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557.
16 Accordingly, Defendants Mukasey and Mueller do not have the authority to adjudicate Plaintiff's
17 application for adjustment of status. Furthermore, the FBI's investigation involves a discretionary
18 function. See Yan v. Mueller, No. H-07-0313, 2007 WL 1521732, at *6 (May 24, 2007) ("The
19 evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but
20 also to the FBI's exercise of discretion in determining the timing for conducting the many name
21 check requests that it receives and the manner in which to conduct those checks."); Li v. Chertoff,
22 et al., 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("Additionally, Plaintiff has not pointed to any
23 statute or regulation requiring the FBI to complete her name check in any period of time, reasonable
24 or not."); Sozanski v. Chertoff, et al., No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex.
25 Dec. 11, 2006) (holding that federal district courts lack jurisdiction to compel the FBI to perform
26 name checks in adjustment of status cases). The APA precludes review of agency actions that are
27 committed to agency discretion by law. 5 U.S.C. § 701(a)(2).
28     Mandamus is an "extraordinary remedy" available only to compel a "clear, nondiscretionary

PROPOSED ORDER
07-4221 SBA                        2

duty." <u>Pittston Coal Group v. Sebben</u>, 488 U.S. 105, 121 (1988); <u>Zahani v. Neufield</u>, No. 6:05 CV 1857, 2006 WL 2246211, at *2-*3 (M.D. Fla. June 26, 2006) (holding that, because alleged delay resulted from need for FBI background checks, "even if this Court could intervene, it would not."). Plaintiff identities no law or regulation that imposes a nondiscretionary duty upon the FBI to complete Plaintiff's background check immediately or in a certain manner. Accordingly, mandamus is unavailable because the FBI already is taking action, and Plaintiff "simply wish[es] to force [the FBI] to [act] in a more expeditious manner." <u>Mustafa v. Pasquerell</u>, No. SA05CA-658-XR, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006). Because the FBI does not process immigration applications, and because the FBI's investigation involves a discretionary function, Defendants Michael B. Mukasey Robert S. Mueller shall be dismissed from the Complaint for lack of subject matter jurisdiction. <u>Konchitsky v. Chertoff</u>, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007).

B. <u>DISMISSAL OF CLAIMS ON BEHALF OF PLAINTIFF'S WIFE</u>

Plaintiff asks the Court to compel Defendants to adjudicate his wife's application for adjustment of status. However, as a pro se litigant, he may not ask the Court to order relief for his wife. <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987). Regardless, there is no delay in adjudicating her application. Because her application is dependent upon his, "she remains unentitled to receive" adjustment of status. <u>Sun v. Chertoff</u>, No. 07cv152 BTM, 2007 WL 2480315, at *2 (S.D. Cal. Aug. 27, 2007). There is no delay because Plaintiff's wife is not eligible for adjustment of status until his application is approved. <u>See, e.g.</u>, <u>Sun</u>, 2007 WL 2480315, at *2 (dismissing beneficiary's claim); <u>Kheiravar v. Chertoff</u>, No. 07cv0143 JM, 2007 U.S. Dist. LEXIS 35390, at *5 (S.D. Cal. May 14, 2007) (dismissing beneficiary's claim for lack of subject matter jurisdiction). Accordingly, the Court lacks subject matter jurisdiction over the claims Plaintiff asserts on behalf of his wife, and those claims are therefore dismissed.

C. <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendants have recently revised the policy regarding adjustment of status applications with name checks that have been pending for more than 180 days. Under the new guidelines, applications that are approvable "but for" a name check that has been pending for more than 180

PROPOSED ORDER
07-4221 SBA                                3

1  days will be approved.  Defendants have thus taken significant remedial measures to resolve delays
2  of the nature at issue in the instant case.  See Liberty Fund, Inc., 394 F. Supp. 2d at 120-21
3  (declining to retain jurisdiction where, among other things, the agency recently adopted structural
4  changes to expedite resolution of pending labor certifications).  Accordingly, Plaintiff has failed to
5  establish the existence of an unreasonable delay. Telecomm. Research and Action Ctr. v. FCC, 750
6  F.2d 70, 80 (D.C. Cir. 1984).  Moreover, having failed to establish an unreasonable delay, Plaintiff
7  has failed to establish the extraordinary circumstances necessary to justify the issuance of a writ of
8  mandamus.  Kildare v. Saenz,  325 F.3d 1078,  1084 (9th Cir. 2003).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED.  The Complaint against Defendant Robert S. Mueller is hereby DISMISSED for lack of subject matter jurisdiction. The claims on behalf of Plaintiff's wife are hereby DISMISSED for lack of subject matter jurisdiction.  The remaining Defendants' Motion for Summary Judgment is hereby GRANTED.

Dated:

_____
SAUNDRA B. ARMSTRONG
United States District Judge